**DENNIS STEINMAN,** OSB No. 954250
dsteinman@kelrun.com
**SCOTT J. ALDWORTH,** OSB No. 113123
saldworth@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR  97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **TAMI HUSTON** and **JUSTIN HUSTON**, individually, | Case No. |
| Plaintiffs, | |
| v. | COMPLAINT (Federal Fair Housing Amendments Act of 1988; Oregon Fair Housing Act; Negligence) |
| **WILLAMETTE VALLEY RENTALS, LLC**, an Oregon limited liability company; **NICK SHARIFI**, individually; and **ROYA SHARIFI**, individually, | |
| Defendants. | JURY TRIAL DEMANDED |

Plaintiffs allege:

## I.    JURISDICTION AND VENUE

1.    This is an action for violations of 42 U.S.C. § 3601 *et seq.* ("Fair Housing Act" or "FHA") and supplemental state law claims.  This Court has jurisdiction over Plaintiffs' federal Fair Housing Act claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction

COMPLAINT                                                                                                    **Page 1**

4863-8644-0175

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of operative fact. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claims alleged herein took place in the District of Oregon.

## II.      PARTIES

3.      Plaintiffs Tami Huston ("Mrs. Huston") and Justin Huston ("Mr. Huston") (collectively, "Plaintiffs" or the "Hustons") are residents of the State of Oregon and "aggrieved persons" under 42 U.S.C. § 3602(i) and ORS 659A.885(11)(a)(A).

4.      Defendant Willamette Valley Rentals, LLC ("WVR") is an Oregon limited liability company with a principal place of business at 117 S. Ninth St., Philomath, Benton County, Oregon. WVR is a property management firm serving properties across the Willamette Valley. At all times material, WVR provided property management services for 2804 Hoover Ave. NW, Salem, Polk County, Oregon (the "Property").

5.      At all times material, Defendant Nick Sharifi ("Mr. Sharifi") and Defendant Roya Sharifi ("Mrs. Sharifi") were residents of the State of Oregon and the sole owners of the Property.

## III.      GENERAL ALLEGATIONS

6.      Mr. and Mrs. Huston are registered foster parents in Oregon and Polk County for children with disabilities, including behavioral disabilities. At all times material herein, Mr. and Mrs. Huston live with three of their foster children, and two of their three biological children. At times, Mr. and Mrs. Huston employ Direct Support Professionals ("DSPs") to assist with taking care of their foster children. The Hustons currently live in their own house, though it is not a

COMPLAINT

**Page 2**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

comfortable size for a family of their number.

7.      On February 27, 2024, Mrs. Huston contacted WVR to inquire about renting the Property. WVR informed Mrs. Huston that the home was available and that WVR had not received any applications to rent the property yet. During this exchange, Mrs. Huston informed WVR that she and her husband had already been approved for a different property which they would need to make a decision on by the end of the following day. As a result, Mrs. Huston asked to view the Property as soon as possible. WVR scheduled a showing of the property for the following day so that Mr. and Mrs. Huston could inspect the property.

8.      Following the inquiry, Mr. and Mrs. Huston submitted an application for the Property, along with the required $80 application fee. Through the application process, Mr. and Mrs. Huston made a series of financial disclosures, including foster care payments, bank stubs, savings accounts, disability payments, and child support. Mr. and Mrs. Huston also submitted a recent rental background check, and disclosed that their three foster children and two of their biological children and would be residing with them at the Property if their application was approved.

9.      On February 28, 2024, Mr. and Mrs. Huston, their three biological children, and Mr. Huston's mother attended the showing of the Property, and during the showing Mr. and Mrs. Huston decided that they were interested in renting the Property. Mrs. Sharifi, as well as Tara Drongesen ("Ms. Drongesen"), owner and operator of WVR, were present at the showing, and Ms. Drongesen allowed Mrs. Sharifi to take Mr. and Mrs. Huston outside to show more of the property and to converse. During this conversation, Mr. and Mrs. Huston mentioned their role as registered foster parents for children with disabilities and that, at times, DSPs would be present to assist with foster childcare.

10.     Mrs. Sharifi was concerned by the fact that Mr. and Mrs. Huston were foster parents. Mrs. Sharifi asked Plaintiffs whether the foster children would live at the Property alone. Mrs. Huston stated that both the Hustons and their foster children would reside at the Property.

COMPLAINT

**Page 3**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Mrs. Sharifi then stated that she did not want to ruin the relationship with neighbors, that the house was in a quiet neighborhood, and warned that her own family lived around the corner and would continue checking on the Property after renters moved in.

11.     Mrs. Huston gave Mrs. Sharifi assurances that they would be respectful renters. Mrs. Sharifi asked again to confirm how many children were in the Huston family, and again stressed that she had a good relationship with the neighbors and did not want to ruin that relationship. Mrs. Huston once again assured Mrs. Sharifi that their home was very structured and safe, and there would not be any issues.

12.     After leaving the showing of the Property, Mrs. Huston called WVR's office and spoke with an employee named Mary Jo. Mrs. Huston expressed her concern about the comments made by Mrs. Sharifi regarding the quietness of the neighborhood and concerns about how many children the Hustons would be bringing. Mary Jo stated that Mrs. Sharifi should not have been at the property showing at all and that the Hustons are entitled to live in a home with their children. Mrs. Huston further expressed her interest in renting the Property, and that the Hustons were choosing to rent the Property instead of another house they were approved to rent and were due to pay the deposit for on that very day. Mary Jo acknowledged the importance of timeliness, stated that Mr. and Mrs. Huston were the only applicants for the Property, and said that Ms. Drongesen would get back to the Hustons as soon as possible.

13.     On February 29, 2024, Mrs. Huston followed up with Mary Jo on the status of their application. This time, Mary Jo said that there had been a "ton of action" on the house and intimated that the Hustons should pursue other options. Mrs. Huston reminded Mary Jo that the Hustons had already passed over the other house they were considering, and that they were committed to this Property.

14.     Over the following week, Mr. and Mrs. Huston made numerous attempts to contact WVR, including through phone calls, emails, and text messages from both Mr. and Mrs. Huston. The only response from WVR was a March 1, 2024 text message from Ms. Drongesen

COMPLAINT

**Page 4**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

stating that she would get back to the Hustons as soon as possible, and a response from Mary Jo who, rather than providing any updates on the application, solely stated that Ms. Drongesen was extremely busy. WVR did not provide any other subsequent communications to the Hustons.

15.     On March 5, 2024, having received no other communications from WVR, Mrs. Huston asked an acquaintance who is familiar with real estate transactions for advice for how to proceed through the rental process. This acquaintance called WVR to inquire about the property, acting as a potential renter. Though WVR did not answer the phone, Ms. Drongesen responded by text shortly after the phone call on the same day. In the text conversation that followed, Ms. Drongesen told the acquaintance that there was only "one [other] application in" for the Property, and that the "other application doesn't look like it will work [out]." Ms. Drongesen told the acquaintance that applications typically are processed "within 24-48 hours," and "promise[d] to refund the application fees" if they were to apply and did not end up moving into the Property.

16.     Mr. and Mrs. Huston were not offered any refund to their application fees, and they did not receive any further communication regarding their application.

17.     The constructive refusal to rent the Property to Mr. and Mrs. Huston has caused the Hustons to incur economic damages from costs associated with the search for alternative housing, the inability to secure other desirable housing opportunities in reliance on the offer to rent the Property, and the difficulties associated with having to remain at their current, smaller housing.

18.     Each of these injuries were directly caused by Defendants' actions and failure to comply with fair housing law by refusing to lease a property on the basis of the familial status of the prospective tenant and the disabilities of minor individuals who had intended to live at the property. The Hustons have suffered economic damages and significant non-economic injuries, including but not limited to emotional distress, mental anguish, frustration, stress, anxiety, and loss of sleep.

COMPLAINT

**Page 5**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## IV.   CLAIMS

### FIRST CLAIM FOR RELIEF

### (Federal Fair Housing Act)

19.     Paragraphs 1 through 18 are incorporated herein.

20.     By engaging in the actions set forth in paragraphs 7 through 18, realleged herein, Defendants have injured Plaintiffs in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*., by committing the following discriminatory housing acts:

a.      Refusing to rent, or to negotiate the rental of, a dwelling to Plaintiffs because of Plaintiffs' familial status, in violation of 42 U.S.C. § 3604(a);

b.      Discriminating against Plaintiffs in the terms, conditions, or privileges of the rental of a dwelling because of Plaintiffs' familial status, in violation of 42 U.S.C. § 3604(b);

c.      Representing, through the omission of material facts, that a dwelling was no longer available for rental because of Plaintiffs' familial status, when the dwelling was available, in violation of 42 U.S.C. § 3604(d); and

d.      Discriminating against Plaintiffs in the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(1)(B), because of the disability of one or more individuals who intended to reside in the dwelling.

21.     Plaintiffs have suffered damages as a result of Defendants' discriminatory conduct, and, as such, are aggrieved persons, as defined in 42 U.S.C. § 3602(i).

22.     The discriminatory actions of Defendants were intentional, willful and taken in disregard for the rights of Plaintiffs.

23.     Plaintiffs are entitled to equitable relief and compensatory damages in an amount to be determined at trial pursuant to 42 U.S.C. § 3613, as well as attorney fees and litigation costs pursuant to 42 U.S.C. § 3613(c).

24.     Plaintiffs are entitled to punitive damages pursuant to 42 U.S.C. § 3613(c).

COMPLAINT

**Page 6**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## SECOND CLAIM FOR RELIEF

### (Oregon Fair Housing Act)

25.      Paragraphs 1 through 18 are incorporated herein.

26.      By engaging in the actions set forth in paragraphs 7 through 18, realleged herein, Defendants have injured Plaintiffs in violation of the Oregon Fair Housing Act, ORS 659A.145, 659A.421 and 659A.425, by committing the following discriminatory housing acts:

a.      Refusing to rent real property to Plaintiffs because of Plaintiffs' familial status, in violation of ORS 659A.421(2)(a);

b.      Discriminating against Plaintiffs in the terms, conditions, or privileges of the rental of real property because of Plaintiffs' familial status, in violation of ORS 659A.421(2)(c);

c.      Discouraging the rental of real property to Plaintiffs because of Plaintiffs' familial status, in violation of ORS 659A.421(2)(d);

d.      Representing, through the omission of material facts, that a dwelling was no longer available for rental because of Plaintiffs' familial status, when the dwelling was available, in violation of ORS 659A.421(2)(i);

e.      Refusing to rent real property to Plaintiffs because of the disability of one or more individuals who intended to reside in the dwelling, in violation of ORS 659A.145(2)(a);

f.      Discriminating against Plaintiffs in the terms, conditions, or privileges of the rental of real property because of the disability of one or more individuals who intended to reside in the dwelling, in violation of ORS 659A.145(2)(c);

g.      Discouraging the rental of real property to Plaintiffs because of the disability of one or more individuals who intended to reside in the dwelling, in violation of ORS 659A.145(2)(d);

h.      Representing, through the omission of material facts, that a dwelling was no longer available for rental because of the disability of one or more individuals who intended

COMPLAINT

**Page 7**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

to reside in the dwelling, when the dwelling was available, in violation of ORS 659A.145(2)(e); and

27.     By engaging in the actions set forth in paragraphs 7 through 18, realleged herein, WVR has additionally injured Plaintiffs in violation of the Oregon fair housing laws by committing the following discriminatory housing acts:

      a.      Accepting or retaining a listing of real property for rental with the understanding that a purchaser may be discriminated against with respect to the rental because of their familial status, in violation of ORS 659A.421(4);

      b.      Assisting or inducing Mr. and Mrs. Sharifi to commit an act that violates ORS 659A.421, in violation of ORS 659A.421(2)(f);

      c.      Accepting or retaining a listing of real property for rental with the understanding that a purchaser may be discriminated against with respect to the rental because of the disability of one or more individuals who intended to reside in the dwelling, in violation of ORS 659A.145(5); and

      d.      Assisting or inducing Mr. and Mrs. Sharifi to commit an act that violates ORS 659A.145, in violation of ORS 659A.145(7).

28.     By engaging in the actions set forth in paragraphs 7 through 18, realleged herein, Mr. and Mrs. Sharifi have additionally injured Plaintiffs in violation of the Oregon fair housing laws by committing the following discriminatory housing acts:

      a.      Assisting or inducing WVR to commit an act that violates ORS 659A.421, in violation of ORS 659A.421(2)(f); and

      b.      Assisting or inducing WVR to commit in an act that violates ORS 659A.145, in violation of ORS 659A.145(7).

29.     Plaintiffs have suffered damages as a result of Defendants' discriminatory conduct, and, as such, are aggrieved persons, as defined in ORS 659A.885(11)(a)(A).

30.     The discriminatory actions of Defendants were intentional, willful and taken in

COMPLAINT

**Page 8**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

disregard for the rights of Plaintiffs.

31.    Plaintiffs are entitled to equitable relief and compensatory damages in an amount to be determined at trial pursuant to ORS 659A.885(3), including attorney fees and litigation costs pursuant to ORS 659A.885(1).

32.    Plaintiffs are entitled to punitive damages pursuant to ORS 659A.885(3).

## THIRD CLAIM FOR RELIEF

### (Negligence)

33.    Paragraphs 1 through 18 are incorporated herein.

34.    Defendants owed Plaintiffs a duty to operate the management and rental of the Property in a manner that is free from unlawful discrimination.  By the acts set forth in paragraphs 7 through 18, Defendants negligently breached that duty in failing to acquaint themselves and their agents with Fair Housing laws and the prohibitions against discrimination based on an individual's familial status or disability.

35.    As a legal result of Defendants' negligent conduct, Plaintiffs have suffered damages, both real and intangible.

36.    Plaintiffs are entitled to compensatory damages arising out of Defendants' negligent conduct in an amount to be determined at trial, plus costs and disbursements.

## V.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants and requests the Court to grant relief as follows:

1.    A jury trial to determine the factual questions raised herein;

2.    That the Court assume jurisdiction over Plaintiffs' claims;

3.    That the Court enter an order that declares the discriminatory practices, policies, and/or procedures of Defendants violate the Fair Housing Act, 42 U.S.C. §§ 3601–3619, ORS 659A.145, and ORS 659A.421;

COMPLAINT

**Page 9**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

4.      That the Court enter an order that enjoins Defendants from all practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees and assigns, and all other persons in active concert or participation with them, to provide equal consideration to tenants and prospective tenants without regard to familial status or disability;

5.      On the First Claim for Relief, Plaintiffs pray for compensatory damages in an amount to be determined at trial, punitive damages, and attorney fees and costs;

6.      On the Second Claim for Relief, Plaintiffs pray for compensatory damages in an amount to be determined at trial, punitive damages, and attorney fees and costs;

7.      On the Third Claim for Relief, Plaintiffs pray for compensatory damages in an amount to be determined at trial, plus costs and disbursements; and

8.      All such other relief as the interests of justice require.

DATED this 11th day of October, 2024.


KELL, ALTERMAN & RUNSTEIN, L.L.P.



s/Dennis Steinman_____
**DENNIS STEINMAN**
954250
**SCOTT J. ALDWORTH**
113123
503/222-3531
**Attorneys for Plaintiffs**

COMPLAINT

**Page 10**

4863-8644-0175

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980