IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TAMI HUSTON; JUSTIN HUSTON,

Civ. No. 6:24-cv-01725-AA

                Plaintiffs,

**OPINION & ORDER**

        v.

WILLAMETTE VALLEY RENTALS, LLC;
NICK SHARIFI; ROYA SHARIFI,

                Defendants.

_____

AIKEN, District Judge.

        This case comes before the Court on a Motion for Partial Summary Judgment filed by Plaintiffs.  ECF No. 17.  Defendants Nick Sharifi and Roya Sharifi have been defaulted.   ECF Nos. 11, 12.   Defendant Willamette Valley Rentals, LLC has appeared in this case, ECF No. 10, but has not filed a response to the motion.  For the reasons set forth below, the Motion is GRANTED.

## LEGAL STANDARD

        Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Substantive law on an issue determines the materiality of a fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809

F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

Plaintiffs Tami and Justin Huston are registered foster parents in Oregon for children with disabilities, including behavioral disabilities. Tami Huston Decl. ¶ 2. ECF No. 17-2. Plaintiffs have three biological children and three disabled foster children and employed Direst Support Professionals ("DSP") to assist them with their foster children. *Id.* at ¶¶ 3-4.

On February 26, 2024, Mrs. Huston contacted Defendant Willamette Valley Rentals, LLC ("WVR") to inquire about renting a property on Hoover Ave. in Salem, Oregon (the "Property"). Tami Huston Decl. ¶ 5. WVR told Mrs. Huston that the

Property was available to rent and that they had not received any applications to rent the Property. *Id.* Mrs. Huston told WVR that Plaintiffs had been approved for a different house and needed to make a decision by the end of the following day. *Id.* WVR scheduled a showing two days later for Plaintiffs to inspect the Property. *Id.* During this call, WVR did not tell Mrs. Huston that there was any policy concerning application timeframes or application fee refunds. *Id.*

On February 27, 2024, Plaintiffs submitted an application to rent the Property, along with a required $80 application fee. Tami Huston Decl. ¶ 6. As part of this process, Plaintiffs submitted to financial disclosures and a rental background check. *Id.*

On February 28, 2024, Plaintiffs attended the showing of the Property with Defendant Roya Sharifi and Tara Drongesen, the owner of WVR. Tami Huston Decl. ¶ 7. During the showing, Plaintiffs mentioned to Ms. Sharifi that they had children, including some with behavior disorders who required DSP assistance for their foster childcare. *Id.* Ms. Sharifi questioned Plaintiffs about the number of children who would be living at the property and, despite Plaintiffs' reassurances about the quality of their parenting, Ms. Sharifi "repeatedly voiced concerns that the Property was situated in a quiet neighborhood and that she was worried about [Plaintiffs] affecting her relationship with the neighbors." *Id.* at ¶ 8. Ms. Sharifi "warned [Plaintiffs] that her family, who lived in the neighborhood, would check in on the Property frequently if we moved in." *Id.* Plaintiffs observed that the shift in the tone of the conversation

"occurred immediately after [Plaintiffs] shared details about [their] family and the disabilities of some of [their] children." *Id.*

Plaintiffs were concerned about this conversation and afterwards called WVR and spoke with WVR employee Mary Jo to express their concerns about Ms. Sharifi's comments concerning Plaintiffs' children and her fear that Plaintiffs might harm her relationship with her neighbors. Tami Huston Decl. ¶ 9. Mary Jo told Plaintiffs that they were "entitled to live in a home with [their] children," and assured them that their application would be promptly processed. *Id.* Plaintiffs told Mary Jo that they had passed on a house for which they had been approved to pursue renting the Property. *Id.* Mary Jo told Plaintiffs that they were the only applicants to rent the Property and that WVR would get back to them as soon as possible. *Id.*

On February 29, 2024, Mrs. Huston called Mary Jo at WVR and asked about the status of application. Tami Huston Decl. ¶ 10. Contrary to the assurances given the previous day, Mary Jo told Plaintiffs "that there was now a 'ton of action' for the Property and suggested that [Plaintiffs] should look into alternative housing options." *Id.* Plaintiffs' efforts to contact WVR over the following days were rebuffed until, on March 1, 2024, WVR's owner sent Plaintiffs a text message that she would get back to them as soon as possible. *Id.* at ¶¶ 11-12.

Also on March 1, 2024, Mrs. Huston received a phone call from Mary Jo who told her that WVR "was extremely busy." Tami Huston Decl. ¶ 13. Mary Jo did not provide Plaintiffs with an update on the status of their application and Plaintiffs received no further communication with anyone from WVR's staff. *Id.*

On March 5, 2024, Plaintiff contacted an acquaintance, Lisa Collins, who has professional experience with real estate transactions and asked her for advice." Tami Huston Decl. ¶ 14; Collins Decl. ¶¶ 1-2, ECF No. 17-3. Ms. Collins suspected that Plaintiffs were the victims of discrimination by WVR. Collins Decl. ¶ 4. Ms. Collins proposed that she would contact WVR posing as a potential renter to get information about the rental status of the Property. Tami Huston Decl. ¶ 14. She did so and shared her text message exchanges with Plaintiffs. *Id.*

Ms. Collins communicated with the owner of WVR, Tara Drongesen, telling her that she was interested in the Property. Collins Decl. Ex. 1, at 1. Ms. Drongesen told Ms. Collins that there was only one applicant for renting the Property and that she "would love to have [Ms. Collins] apply." *Id.* Ms. Collins asked how long decisions typically took on applications and was told that Ms. Drongesen hoped to be able to let people know what the decision was within 24 hours. *Id.* at 2. Ms. Drongesen also told Ms. Collins that if she applied and "it doesn't work," WVR would refund the application fees. *Id.* at 3. Ms. Collins asked about the other application (i.e., Plaintiffs' application) and was told that the "other application doesn't look like it will work." *Id.* at 4.

Plaintiffs were not offered any refund on their application fees, nor did they receive any further communication from WVR regarding their application. Tami Huston Decl. ¶ 15.

WVR did not respond to Plaintiffs' Requests for Admission. "A matter is admitted unless, within 30 days after being served, the party to whom the request is

directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

By failing to respond to Plaintiffs' requests for admission, WVR admitted the following:

(1) Plaintiffs were the first applicants to submit a rental application for the Property. Corrected Steinman Decl. Ex. 1, at 3. ECF No. 19.

(2) There were no other rental applicants for the Property by February 28, 2024, when Plaintiffs attended a viewing of the Property. *Id.*

(3) Plaintiffs exceeded the minimum financial requirements for an applicant to rent the Property. *Id.*

(4) Plaintiffs' rental application fee was not returned to them. *Id.*

(5) The person whose application to rent the property was accepted submitted their application after Defendants received Plaintiffs' application and after February 28, 2024. *Id.* at 3-4.

(6) The person whose application to rent the property was accepted would have fewer occupants at the Property than Plaintiffs. *Id.* at 4.

(7) The person whose application to rent the property was accepted did not have any individuals with disabilities included on their application. *Id.*

(8) The Sharifi Defendants were physically present at the property on February 28, 2024, when the Property was shown to Plaintiffs. *Id.*

(9) Plaintiff's application did not exceed any occupancy limit for the Property and was not rejected out of safety or noise concerns. Corrected Steinman Decl. Ex. 2, at 3.

(10) Renting the Property to Plaintiffs would not result in the violation of any policy, agreement, or other obligation of WVR or the Property owner. *Id.*

(11) Plaintiffs had not withdrawn their application at the time that WVR accepted another application to rent the Property. *Id.*

(12) WVR told Plaintiffs that there were other people who had submitted applications for the Property or expressed interest in the Property as of February 29, 2024, and this representation to Plaintiffs was false. *Id.* at 3-4.

(13) As of March 5, 2024, the only outstanding rental application for the Property was the one submitted by Plaintiffs. *Id.* at 4.

(14) In response to inquiries from other persons regarding the Property, WVR had stated on March 5, 2024, that there was only one rental application for the Property and admitted that they told the person inquiring that the application "doesn't look like it will work." *Id.*

## DISCUSSION

Plaintiffs bring claims for (1) violation of the federal Fair Housing Act ("FHA"); (2) violation of the Oregon's fair housing law; and (3) negligence. Plaintiffs move for summary judgment as to liability on their state and federal Fair Housing Act claims. Plaintiffs do not move for summary judgment on their claim for negligence and represent that they intend to dismiss their negligence claim in the event that the

present motion is granted.  Pl. Mot. 2 n.3.  WVR has not responded to the motion and the remaining Defendants have been defaulted.

The FHA prohibits discriminating against any person by refusing to "sell or rent" a dwelling after the making of a bona fide offer or by discriminating "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(a)-(b).  "Familial status discrimination refers to discrimination against parents or other custodial persons domiciled with children under the age of 18."  *United States v. Hadlock*, No. CV 08-3074-CL, 2010 WL 331772, at *3 (D. Or. Jan. 27, 2010) (citing *City of Edmunds v. Oxford House, Inc.*¸ 514 U.S. 725, 728 n.1 (1995)).

Oregon's fair housing law "mirrors the FHA and the two statutes are interpreted identically."  *Wilson v. Guardian Management*, 383 F. Supp.3d 1105, 1108 (D. Or. 2019).

First, the Court concludes that WVR is subject to federal and state fair housing laws.  A person is deemed to be in the business of selling or renting buildings under the FHA if "he has, within the preceding twelve months, participated as agent, other than in the sale of his own personal residence in providing sales or rental facilities or sales or rental services in two or more transactions involving the sale or rental of any dwelling or any interest therein."  42 U.S.C. § 3603(c)(2).  WVR admitted in its Answer that it is a property management firm.  Ans. ¶ 3.  ECF No. 10.  Property management companies like WVR can be liable under the FHA.  24 C.F.R. § 100.7;

*see also Sanzaro v. Ardiente Homeowner's Ass'n, LLC*, 364 F. Supp.3d 1158, 1176 (D. Nev. 2019) (property management companies may be held liable for engaging in activity prohibited by the FHA).

Next the Court concludes that Plaintiffs are aggrieved persons for purposes of the FHA and the Oregon fair housing law. 42 U.S.C. § 3613(a)(1); ORS 659A.885(11)(a); *see also Harris v. Itzhaki*, 183 F.3d 1043, 1049-50 (9th Cir. 1999) (outlining the requirements for standing under the FHA).

The Court next addresses the ways in which Plaintiffs allege the WVR violated the FHA and Oregon fair housing laws.

## I.    Defendant violated fair housing law by discriminating against Plaintiffs based on familial status

Plaintiffs allege that WVR discriminated against them on the basis of familial status by (1) refusing to rent a dwelling on the basis of familial status; (2) discriminating in terms, conditions, or privileges of a rental because of familial status; (3) falsely representing that a dwelling is unavailable because of familial status; (4) attempting to discourage rental of real property to a renter because of familial status; (5) retention of a listing knowing a renter may be discriminated against because of familial status; and (6) assisting another person in violating ORS 659A.421. As noted, the FHA and Oregon law prohibit discrimination on the basis of familial status. 42 U.S.C. § 3604; ORS 659A.421. A plaintiff may demonstrate discrimination by submitting evidence of a similarly situated entity who was treated better than the plaintiff or by presenting direct or circumstantial evidence

demonstrating that a discriminatory motive more likely than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way. *Pacific Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013). "Under the FHA, the evidence need not prove that the discriminatory purpose was the sole purpose of the challenged action, but only that it was a motivating factor." *Morris v. West Hayden Estates First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1140 (9th Cir. 2024) (internal quotation marks and citation omitted).

Fair housing law prohibits a refusal to rent a dwelling to an individual because of familial status. 42 U.S.C. § 3604(a); ORS 659A.421(2). Failing to accept or consider a bona fide offer because of familial status is prohibited. 24 C.F.R. § 100.60(b)(1). Here, as discussed above, Plaintiffs submitted the first application to rent the Property, met all relevant criteria, and were denied without explanation. WVR's communication with Plaintiffs slowed considerably when they learned how many children would live at the Property and the Property was subsequently rented to someone with a smaller household. Plaintiffs are entitled to summary judgment on this claim.

Fair housing law prohibits discrimination against any person in the terms, conditions, or privileges of the rental of a dwelling based on familial status. 42 U.S.C. § 3604(b); ORS 659A.421(2)(c). It is "unlawful, because of . . . familial status . . . to impose different terms, conditions or privileges relating to the sale or rental of a dwelling." 24 C.F.R. § 100.65(a). Here, as set forth above, WVR offered Ms. Collins

more favorable terms when she contacted WVR about renting the Property than were offered to Plaintiffs, including a quick turnaround on her application and a refund of her application fee in the event of a denial. Unlike Plaintiffs, Ms. Collins did not disclose her familial status. The Court concludes that Plaintiffs are entitled to summary judgment on this claim.

Fair housing law prohibits falsely representing that dwelling is unavailable for rent because of the familial status of the applicant. 42 U.S.C. § 3604(d); ORS 659A.421(2)(i). Here, after Plaintiffs disclosed their familial status, WVR falsely represented to Plaintiff that there was new activity surrounding the rental of the Property and encouraged them to consider other properties. WVR later told Ms. Collins that there was only one other applicant, Plaintiffs, and that Plaintiffs application was unlikely to work out. The Court concludes that Plaintiffs are entitled to summary judgment on this claim.

Fair housing law prohibits attempts to discourage the rental of real property because of familial status. ORS 659A.421(d). As set forth above, WVR discouraged Plaintiffs from renting the property after learning of their familial status, encouraging them to look elsewhere for a rental. The Court concludes that Plaintiffs are entitled to summary judgment on this claim.

Oregon law prohibits a real estate licensee from accepting or retaining a listing of real property for rental with an understanding that the renter may be discriminated against because of familial status. ORS 659A.421(4). Here, WVR represented the Sharifi Defendants in renting the Property. As discussed above, Ms.

Sharifi made comments that indicated a discriminatory animus towards Plaintiffs based on familial status. Plaintiffs communicated those concerns to WVR in a call to Mary Jo. WVR retained the listing, assisted in the rejection of Plaintiffs' application, and found an alternative renter who had a smaller household. The Court concludes that Plaintiffs are entitled to summary judgment on this claim.

Oregon law prohibits any person from assisting another in committing or engaging in a practice that violates ORS 659A.421. ORS 659A.421(2)(f). Here, as set forth above, WVR assisted the Sharifi Defendants in the violation of the fair housing statute.

## II.    Defendants violated fair housing laws by discriminating against Plaintiffs because of disability.

Federal and state law prohibit discrimination in housing rental on the basis of an individual's disabilities. 42 U.S.C. § 3604; ORS 659A.145. The protections of the FHA extend to persons "associated with" the renter. 42 U.S.C. § 3604(f)(1)(C). Plaintiffs allege that WVR violated fair housing law by (1) refusing to rent a dwelling because of disability; (2) discriminating in the terms, conditions, or privileges of rental because of disability; (3) falsely representing that a dwelling is unavailable because of disability; (4) attempting to discourage rental of any real property because of disability; (5) retention of a listing knowing a renter may be discriminated against because of disability; and (6) assisting another person in violating ORS 659A.145.

Fair housing law prohibits the refusal to rent a dwelling because of an individual's disability. 42 U.S.C. § 3604(f)(1)(B); ORS 659A.145(2)(a). Failing to

accept or consider a bona fide offer because of disability is prohibited.  24 C.F.R. §
100.60(b)(1).   Here, as discussed above, Plaintiffs met all the criteria, but their
application was denied without explanation and their treatment by WVR changed for
the worse after they disclosed their children's disabilities to WVR and Ms. Sharifi.
The Property was subsequently rented to individuals who were not disabled.  The
Court concludes that Plaintiffs are entitled to summary judgment on this claim.

Fair housing law prohibits representing that a property is not available
because of an individual's disability.  42 U.S.C. § 3604(d); ORS 659A.145(2)(e).  It is
unlawful "to provide inaccurate or untrue information about the availability of
dwellings for sale or rental" on the basis of disability.  24 C.F.R. § 100.80(a).  Here,
as discussed, shortly after disclosing their children's disabilities, WVR falsely
represented to Plaintiffs that there was new activity surrounding the Property and
encouraged Plaintiffs to rent elsewhere.  The Court concludes that Plaintiffs are
entitled to summary judgment on this claim.

Fair housing law prohibits people from attempting to discourage the rental of
real property to a renter because of their disability.   ORS 659A.145(2)(d).   As
discussed above WVR falsely represented that there was new activity surrounding
the rental of the Property shortly after Plaintiffs disclosed their children's disabilities
and encouraged Plaintiffs to rent elsewhere.  The Court concludes Plaintiffs are
entitled to summary judgment on this claim.

Fair housing law prohibits the retention of a listing by a real estate broker with
the understanding that the renter may be discriminated against on the basis of

disability.  ORS 659A.145(5).  As previously discussed, WVR represented the Sharifi Defendants in connection with the Property and, after Ms. Sharifi made comments evidencing a discriminatory animus towards Plaintiffs' disabled children, Plaintiffs communicated their concerns to WVR.  WVR retained the listing and assisted the Sharifi Defendants in rejecting Plaintiffs' application and in finding an alternative renter who did not have disabilities.  The Court concludes that Plaintiffs are entitled to summary judgment on this claim.

Oregon law prohibits anyone from assisting another in the violation of ORS 659A.145.  ORS 659A.145(7).  As discussed in the preceding section, Plaintiffs have demonstrated that WVR assisted the Sharifi Defendants in discriminating against Plaintiffs because of disability.  The Court concludes that Plaintiffs are entitled to summary judgment on the basis of disability.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Partial Summary Judgment, ECF No. 17, is GRANTED.  Judgment is for Plaintiffs on their state and federal fair housing claims against Defendant Willamette Valley Rentals, LLC.

It is so ORDERED and DATED this ____3rd_____ day of February 2026.


      /s/Ann Aiken

ANN AIKEN
United States District Judge